# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **BELINDA ANDREWS-RAY**, | ) **Case No.:** |
|  | ) |
| Plaintiff, | ) |
| v. | ) |
|  | ) |
| **BLUESTEM BRANDS INC. D/B/A** | ) **JURY TRIAL DEMANDED** |
| **FINGERHUT,** | ) |
|  | ) |
| Defendant. | ) |

## COMPLAINT

BELINDA ANDREWS-RAY ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("DEFENDANT"):

### INTRODUCTION

1.      Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

### JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331. <u>See Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.      Defendant regularly conducts business in the Commonwealth of Pennsylvania, thus, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6.      Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19111.

7.      Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8.      Defendant is a corporation with its principal place of business located at 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## <u>FACTUAL ALLEGATIONS</u>

10.     Plaintiff has a cellular telephone number that she has had for at least one year.

11.     Plaintiff has only used this phone as a cellular telephone.

12.     Beginning in or about the summer of 2015 and continuing through in or around March 2017, Defendant placed repeated, continuous telephone calls to

Plaintiff's cellular telephone number.

13.    Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

14.    Plaintiff knew that Defendant was using an automatic telephone dialing system, automated message and/or prerecorded voice because she would regularly be greeted with a recording before speaking to Defendant's representatives.

15.    Defendant's telephone calls were not made for "emergency purposes."

16.    Desiring to stop the repeated telephone calls, Plaintiff spoke with Defendant's agents to advise them that she no longer wanted to be contacted on her cellular telephone and to stop calling her in or around summer 2015.

17.    Additionally, Plaintiff explained her financial constraints to Defendant and told them she was ill and could not afford to make payments toward her account.

18.    Once Defendant was aware that its calls were unwanted and to stop, there was no lawful purpose to continue making further calls, nor was there any good faith reason to place calls.

19.    However, Defendant failed to update its records to restrict telephone calls to Plaintiff's cellular telephone despite Plaintiff's multiple requests to stop calling.

PLAINTIFF'S COMPLAINT

20.    Defendant, however, continued to call Plaintiff on her cellular telephone an excessive number of times per day thereafter.

21.    It was frustrating, annoying and humiliating for Plaintiff to receive such continuous and repeated telephone calls from Defendant.

22.    After Defendant ignored Plaintiff's multiple requests and continued to call her repeatedly and continuously without her consent, she turned to downloading a blocking application to her cellular telephone to ultimately stop Defendant's harassing calls.

23.    Upon information and belief, Defendant conducts business in a manner which violates the TCPA.

### <u>COUNT I</u>
### <u>DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT</u>

24.    Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25.    Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

26.    Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

27.    Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

28.     Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

29.     Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual  monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

30.     Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

31.     Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

32.     Defendant's calls to Plaintiff's cellular telephone after she revoked consent were not made with Plaintiff's prior express consent.

33.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

34.    The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35.    As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BELINDA ANDREWS-RAY, respectfully prays for a judgment as follows:

a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

e.    Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, BELINDA ANDREWS-RAY, demands a jury trial in this case.


RESPECTFULLY SUBMITTED,

Dated: July 12, 2017            By: /s/ Amy L. Bennecoff Ginsburg
                                Amy L. Bennecoff Ginsburg, Esq.
                                Kimmel & Silverman, P.C.
                                30 East Butler Pike
                                Ambler, PA 19002
                                Phone: (215) 540-8888
                                Facsimile: (877) 788-2864
                                Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT